**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARNOLDO AYALA GUEVARA CAZAREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI FT. DIX,<br><br>Respondent. | Civil Action No. 23-4457 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the amended habeas petition filed by Petitioner Arnoldo Ayala Guevara Cazarez pursuant to 28 U.S.C. § 2241. (ECF No. 2). As Petitioner has paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice.

**I.   BACKGROUND**

Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 1.) According to Petitioner, during his ten years in prison, he completed sufficient programs to be entitled to 365 days of credits under the First Step Act to apply towards his release, but lost those credits when, on July 2, 2023, immigrations officers were allowed into the prison

where they informed him that his prior order of removal had been reinstated. (ECF No. 2 at 6-8.) Petitioner contends that he should have been released in February 2023 based on the First Step Act credits to which he believes he is entitled, and that the removal of those credits and his being held until February 2024 amounts both to an ex post facto violation and to his having been held beyond his prison term. (*Id.*)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

In his current petition, Petitioner argues that he was improperly deprived of a years' worth of good time credits under the First Step Act when he was informed his prior order of removal had been reinstated in July 2023. Under the First Step Act, federal prisoners who meet certain criteria, including engaging in recidivism reduction programs, are entitled to earn a number of good

2

conduct credits, to a maximum of 365 days' worth, to be applied towards early supervised release. *See* 18 U.S.C. § 3632(d)(4). Under the statute, however, aliens who are 'the subject of a final order of removal under any provision of the immigration laws" of the United States are "ineligible to apply time credits" towards early release. 18 U.S.C. § 3632(d)(4)(E)(i). The statute therefore states that the Attorney General "shall ensure that" certain classes of aliens subject to removal proceedings who might seek to earn and apply credits be subject to removal proceedings "at a date as early as practicable during the prisoner's incarceration." 18 U.S.C. § 3632(d)(4)(E)(ii). However, this command does not apply to aliens who are subject to the reinstated order of removal provisions of 8 U.S.C. § 1231(a)(5). *See* § 3632(d)(4)(E)(ii). Thus, if Petitioner were the subject of a reinstated final order of removal, he would have no entitlement to apply his First Step Act credits towards early release under the act, and the statute's command regarding instituting proceedings as soon as practicable would not apply.

Here, Petitioner states that he was informed in July 2023 that his prior order of removal has been reinstated. The reinstatement of a prior order of removal is governed by 8 U.S.C. § 1231(a)(5). Under the statute, if "the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under [immigration laws], and the alien shall be removed under the prior order at any time after the reentry." § 1231(a)(5). Under the statute, then, Petitioner's order of removal is considered final as of its original date – i.e., long before he illegally re-entered the United States and was convicted of his current offense, and while the Attorney General may not have provided notice of the reinstatement until July 2023, Petitioner is legally considered to have been the subject of a final order of removal prior to that date once his prior removal order was reinstated. *Id.* In light of his reinstated order

3

of removal, and the effective date of that order being treated as the date of the entry of Petitioner's previous order of removal, Petitioner is simply not entitled to apply his First Step Act credits. Petitioner's reinstated order of removal thus prevents him from applying any of the credits he earned towards his sentence, and he is not entitled to the benefit of those credits under the First Step Act. Petitioner's contention that the Attorney General delayed too long in commencing with reinstating his order of removal is also without merit as the command in the statute in question, § 3632(d)(4)(E)(ii), does not apply to reinstated orders of removal.

In seeking to obtain First Step Act credits, Petitioner argues that he has essentially been deprived of his credits in violation of the Ex Post Facto Clause. Petitioner's contention misunderstands the situation – Petitioner was not so much deprived of credits he already earned, as he was simply rendered ineligible to apply them to his sentence by his reinstated order of removal. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023) (while alien subject to reinstated order of removal may have earned credits under the First Step Act, he is ineligible to apply them towards early release); *Albarran v. Boncher*, No. 22-11777, 2023 WL 3435553, at *1-2 (D. Mass. May 11, 2023) (while aliens with removal orders may earn credits under the Act, they may not apply them towards early release). Thus, while Petitioner may not apply his First Step Act credits, he did not technically "lose" them. In any event, the same statute which granted him the ability to earn the credits is the same enactment which denies him the ability to apply them to his release, and Petitioner's entitlement to earn credits was thus from the beginning subject to the proviso that he would be unable to apply those credits if he were ever the subject of an order of removal. Therefore, this Court perceives no Ex Post Facto violation in this instance.

In his next argument, Petitioner contends that he wishes to "appeal" his reinstated order of removal before this Court. However, as previously explained, Petitioner is not entitled to have

4

this Court review, reopen, or invalidate his reinstated removal order. 8 U.S.C. § 1231(a)(5). Indeed, this Court is without *any* jurisdiction to review a final order of removal, reinstated or otherwise, through a habeas petition. *See* 8 U.S.C. § 1252(a)(5) (a "petition for review with [the] appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal" notwithstanding the federal habeas statute). This Court is thus without jurisdiction to review Petitioner's reinstated order of removal.

In his final claim, Petitioner contends that he was held beyond his release date because a BOP website had previously listed his release date as February 2023, rather than February 2024. This earlier release date, however, was premised on Petitioner being eligible to apply his First Step Act credits towards early release. However, by the time Petitioner filed this matter, his order of removal had been reinstated as of the date of his prior removal order, i.e. – before the date of his current conviction and sentence – and Petitioner was not entitled to apply those credits towards his release. Thus, under the Act's provisions, Petitioner's release date remains February 2024, and Petitioner has provided nothing which shows that he was entitled to an earlier release date at the time he filed this habeas matter. As Petitioner has not been held beyond his applicable release date as of the time this Court gained habeas jurisdiction over him through the filing of his original petition in August 2023, Petitioner's claim of being overheld is without merit.[1] Thus, because all of Petitioner's claims are without merit, his amended petition must be dismissed without prejudice at this time.

---

[1] While Petitioner may have had a better argument that he had been held overlong *prior* to the retroactive reinstatement of his order of removal, that ship sailed, and any such argument became moot, when the order of removal was reinstated, which occurred before the filing of the current habeas petition.

## IV.  CONCLUSION

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.  An order consistent with this Opinion will be entered.

_____
Hon. Karen M. Williams,
United States District Judge

6